(Reap. Dec. 10609)

W. J. BYRNES & CO. A/C D. E. SANFORD CO., INC., ET AL. v. UNITED STATES

Entry No. 18238, etc.

(Decided October 29, 1963)

*Lawrence & Tuttle* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the respective parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise appraised in unit values expressed in Belgian francs less 20%, plus export packing.

2. That the said merchandise consists of enamelware exported from Belgium and entered or withdrawn from Customs warehouse for consumption before the effective date of the Customs Simplification Act of 1956.

3. That at the time of exportation of the said merchandise to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Belgium in the usual wholesale

quantities and in the ordinary course of trade, for consumption in Belgium were the appraised unit values, plus 9% sales tax, less 40% discount, plus export packing as invoiced, except that as to entry 4351 of 8–23–55 included in Reap. Appeal No. R58/13939, the freely offered price was the appraised unit value plus 10% sales tax, less 40% discount, plus export packing as invoiced.

4. That at the time of exportation of the said merchandise to the United States, there did not exist a higher export value as defined in Sec. 402a(d) of the Tariff Act as amended for such or similar merchandise.

5. That the appeals for reappraisement set forth in the attached Schedule "A" are submitted on this stipulation.

On the agreed facts, I find and hold foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended, to be the proper basis for the determination of the value of the merchandise here involved and that such values were the appraised unit values, plus 9 per centum sales tax, less 40 per centum discount, plus export packing as invoiced, except that, with respect to the merchandise covered by entry 4351 included in reappraisement appeal R58/13939 the value for said merchandise was the appraised unit value, plus 10 per centum sales tax, less 40 per centum discount, plus export packing as invoiced.

Judgment will issue accordingly.